FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 14, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY H.,[1] <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Commissioner of Social Security,[2] <br><br> Defendant. | No.   2:23-cv-00298-EFS <br><br> **ORDER DENYING THE COMMISSIONER'S MOTION TO DISMISS** |

This matter is before the Court on the Commissioner's Motion to Dismiss due to untimely filing, filed on January 29, 2024.[3] On February 7, 2024, the Commissioner also filed the Administrative Record, on order of the Court.[4] On

---

[1] For privacy reasons, the Court refers to every social security plaintiff by first name and last initial or by "Plaintiff." *See* LCivR 5.2(c).

[2] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), he is hereby substituted for Kilolo Kijakazi as the defendant in this suit.

[3] ECF No. 7.

[4] ECF No. 9.

February 7, 2024, Plaintiff filed his Response to the Motion.[5] On February 26, 2024, after obtaining leave of the Court, the Commissioner filed a Reply Memorandum.[6] The matter is fully briefed.

## I.     Background

In January 2020, Plaintiff filed an application for benefits under Title 2, claiming disability beginning January 1, 2018.[7] Plaintiff's claim was denied at the initial and reconsideration levels.[8]

After the agency denied Plaintiff benefits, ALJ Palachuk held a telephone hearing in May 2023, at which Plaintiff appeared with her representative.[9] Plaintiff and a vocational expert testified.[10] On July 13, 2023, after the hearing, the ALJ issued a decision denying benefits.[11] A notice attached to the ALJ's decision advised that if Plaintiff wished for the Appeals Council to review her decision she had to file an appeal within 65 days of the date of the notice attached

---

[5] ECF No. 10.

[6] ECF Nos. 12, 13, 14.

[7] AR 215-221

[8] AR 114, 126.

[9] AR 42-72.

[10] *Id*.

[11] AR 7-41. Per 20 C.F.R. § 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled.

to the decision.[12] The notice advised that if the Appeals Council reviewed a case it would review the case in its entirety, and could make any part of any decision more or less favorable.[13] The notice also advised that the Appeals Council could review the decision on its own and would send a notice within sixty days if it did so.[14] The notice stated that if Plaintiff did not appeal and the Appeals Council did not review on its own, the ALJ decision would become final.[15] On July 24, 2023, eleven days after the ALJ's decision was issued, Plaintiff's counsel was advised via the Appointed Representative Services/Electronic Records Express, Status Reports System (ARS), the Social Security Administration's online docketing system, that on July 18, 2023, the Appeals Council had assigned Plaintiff's case to an adjudicator for review.[16] On August 15, 2023, Plaintiff's counsel was advised via the ARS/ERE that on that date the Appeals Council was closing its review of the ALJ decision and that the disposition was stated to be "other."[17]

On October 17, 2023, sixty-three days after the Appeals Council notified Plaintiff's attorney via ARS that it had closed its review, Plaintiff requested review

---

[12] AR 7-9.

[13] AR 8.

[14] *Id.*

[15] *Id.*

[16] ECF No. 10-1.

[17] ECF No. 10-2.

of the ALJ's decision and Appeals Council subsequent determination by this Court.[18]

## II.  Standard of Review

A complaint may be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint."[19]  For Rule 12(b)(6) motions concerning the applicability of the equitable tolling doctrine, "the question ordinarily requires reference to matters outside the pleading, and is not generally amenable to resolution on a Rule 12(b)(6) motion, where review is limited to the complaint alone."[20] Courts have nevertheless routinely granted motions to dismiss where a claim is barred by statute of limitations and a claimant "fail[s] to plead facts demonstrating that equitable tolling should apply."[21]

---

[18] ECF No. 1.

[19] *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

[20] *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

[21] *See, e.g.*, *Williams v. Bank of Am., N.A.*, 695 Fed.Appx. 328 (9th Cir. Aug. 16, 2017); *Marky v. Bank of Am., N.A.*, 675 Fed.Appx. 790 (9th Cir. 2017); *Mortensen v. Countrywide Bank, FSB*, 662 Fed.Appx. 501, 503 (9th Cir. 2016); *Carty v. Berryhill*, No. 17-CV-01212-JCS, 2017 WL 5525827, at *6 (N.D. Cal. Nov. 17, 2017).

The 60-day statute of limitations set forth in Section 405(g) "is a condition on the waiver of sovereign immunity and thus must be strictly construed. The 60-day period constitutes a statute of limitations.[22] For that reason, "courts have dismissed actions filed only days after the expiration of this statute of limitations."[23]

The United States Supreme Court has ruled however:

> The statute of limitations we construe in this case is contained in a statute that Congress designed to be "unusually protective" of claimants. *Heckler v. Day,* 467 U.S., at 106, 104 S.Ct., at 2251. Moreover, Congress has authorized the Secretary to toll the 60-day limit,[12] thus expressing its clear intention to allow tolling in some cases. While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." *Eldridge,* 424 U.S., at 330, 96 S.Ct., at 900. As in *Honda v. Clark,* we conclude that application of a "traditional equitable tolling principle" to the 60-day requirement of § 405(g) is fully "consistent with

---

[22] *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987).

[23] *Bolden v. Colvin*, No. 14CV1380 BEN JMA, 2015 WL 450522, at *3 (S.D. Cal. Feb. 3, 2015) (citing *Edmond v. Colvin*, 2014 WL 4964309, at *3 (C.D. Cal. Aug. 29, 2014)); *see Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (Ninth Circuit Court of Appeals affirmed the district court's dismissal of the claimant's petition that was filed only *two* days after the 60-day period had expired); *see also Atherton v. Colvin*, No. CV13-4870-AS, 2014 WL 580167, at *2 (C.D. Cal. Feb. 12, 2014) (Claimant's petition for judicial review was dismissed as untimely when it was filed only four days after the 60-day period had expired); *Kindschy v. Berryhill*, No. 1:17-CV-00445-CWD, 2018 WL 1583135, at *2 (D. Idaho Mar. 30, 2018).

the overall congressional purpose" and is "nowhere eschewed by Congress." 386 U.S., at 501, 87 S.Ct., at 1197.[24]

### III.  Analysis

The Commissioner seeks dismissal of Plaintiff's complaint on two grounds. He initially argued that because the Appeals Council did not mail notice to Plaintiff that it was reviewing his case, he was required to file his own request for review and did not do so, which the Commissioner asserts amounts to a failure for Plaintiff to exhaust his administrative remedies.  In his Response, Plaintiff denied exhaustion of administrative remedies and raised issues of equitable tolling based upon the Appeals Council's notification via its online system that the case was under review. In his Reply, the Commissioner also asserted that equitable tolling is not appropriate in this case, based upon the record.  The Court disagrees with the Commissioner as to both arguments.

A.  **Exhaustion of Administrative Remedies**

The Commissioner's argument that Plaintiff has not exhausted his administrative remedies is predicated on the assertion that because the Appeals Council's review of Plaintiff's case was an informal rather than formal action that was not mailed in written form to Plaintiff, it did not constitute a final decision appealable to this Court.  The Court concludes that the Commissioner's position is contrary to the fairly recent United States Supreme Court decision in *Smith v. Berryhill*, 139 S. Ct. 1765 (2019).

---

[24] *Bowen v. City of New York*, 476 U.S. 467, 480, (1986).

In his Motion to Dismiss, the Commissioner averred that Plaintiff never filed a request that the Appeals Council review the decision and that the Appeals Council never reviewed the decision on its own motion.[25] In support of that allegation the Commissioner submitted an affidavit signed by Christianne Voegle.[26] In his Response, Plaintiff avers that the Appeals Council notified his counsel via its ARS online docketing system that the case was under review by the Appeals Council on its own motion.[27] In support of his assertion, Plaintiff's counsel submitted a printout downloaded on July 24, 2023, showing that the ARS status report identified Plaintiff's case as an "active" case which was assigned to an adjudicator on July 18, 2023, and a printout downloaded on August 15, 2023, showing that the ARS status reports identified Plaintiff's case as one which was closed on August 15, 2023, with a disposition of "other."[28] In his Reply, the Commissioner argued that the ARS printout was not evidence that any official action had been taken by the Appeals Council because the appeals right notice presented to Plaintiff stated that to preserve the right to an appeal he had to file an appeal within 60 days and that the notice also said that the Appeals Council would send written notice if it undertook its own motion review.[29]

---

[25] ECF No. 7.

[26] ECF No. 7-1.

[27] ECF No. 10.

[28] ECF Nos. 10-1, 10-2.

[29] ECF Nos. 12-1, 14.

Initially, the Court notes that the Commissioner is incorrect that the appeal rights notice attached by the ALJ to the decision sent to the Plaintiff simply stated that he had to file an appeal within 60 days in order to preserve a right to appeal to the federal court. The language of the notice was not so clear, nor can the ARS docket information submitted by Plaintiff in support of his position be disregarded as a simple "internet download."

The notice sent to Plaintiff stated:

> If you do not appeal and the Appeals Council does not review my decision on its own, my decision will become final. A final decision can be changed only under special circumstances. You will not have the right to Federal court review.[30]

Thus, the notice stated that Plaintiff was required to file an appeal if the Appeals Council did not review the decision on its own. Additionally, the notice sent by the ALJ with her decision stated:

> The Appeals Council may review my decision even if you do not appeal. If the Appeals Council reviews your case on its own, it will send you a notice within 60 days of the date of this notice.[31]

There is no language on the face of the ALJ's notice which states that the Appeals Council's notice was to be rendered in "written" form or by mail. Thus, the crucial question is whether the ARS docket entries downloaded by Plaintiff's attorney are sufficient to prove that an action was taken by the Appeals Council which qualifies as a final determination. The Court believes that it does.

---

[30] AR 8.

[31] *Id*.

On its website, the Social Security Administration advises representatives with cases pending at the hearing and Appeals Council levels to enroll for Appointed Representative Services (ARS).[32] It describes the service as follows:

> ARS is an application that allows appointed representatives to view electronic folder (eFolder) documents in real time, to download eFolder contents including multimedia files, and upload medical evidence and other documents directly into a claimant's eFolder.
>
> Using ARS will give you real time and up-to-date access to your claimant's electronic folders for cases pending at the initial, reconsideration, hearings, and appeals levels. Representatives may also download status reports with key information regarding their pending and recently closed cases at the hearings and appeals levels.[33]

In his brief, the Commissioner cites to a Social Security Administration publication titled *Best Practices for Claimants' Representatives* § 4.25 (revised April 2023).[34] This publication also addresses the ARS/ERE and states:

> Appointed representatives who have registered with SSA for ARS and who request eFolder access are able to view and download documents in Sections A, B, D, E, and F of the Case Documents and Exhibit List tabs of their clients' certified electronic folders (CEF). As long as the case is pending before the AC, representatives can also download any digital hearing recordings in the CEF to their personal computers.[35]

---

[32] Social Security Administration, Appointed Representative Services, www.ssa.gov/ar/. (last seen March 14, 2024).

[33] *Id*.

[34] Social Security Administration, Best *Practices for Claimant's Representatives*, www.ssa.gov/appeals/best_practices.html (last seen March 14, 2024).

[35] *Id*.

The publication states that a case with a "case status" field of "assigned to adjudicator" is currently pending "with AC for disposition".[36] It also goes on to state:

> The AC online status report only provides information for active cases or cases closed within the last 90 days. Only the representative recorded in our case control system at the time the case was closed has access to the online status report.[37]

Thus, the ARS/ERE status reports submitted by Plaintiff are clear and convincing evidence that as of July 24, 2023, when Plaintiff's attorney reviewed his cases, Plaintiff's case was pending before the Appeals Council for a final disposition and that on August 15, 2023, the case was closed with a final disposition made.

Section 405(g) authorizes judicial review of "any final decision of the Commissioner of Social Security made after a hearing."[38] This provision, according to the Supreme Court, "contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted."[39]

---

[36] *Id.*

[37] *Id.*

[38] 42 U.S.C. § 405(g).

[39] *Smith v. Berryhill*, 139 S. Ct. 1765, 1773-74 (2019).

In its decision, the Supreme Court found that the Appeals Council's dismissal of a request for review was a "final" action for purposes of invoking the jurisdiction of the federal courts. The Court held:

> Taking the first clause ("any final decision") first, we note that the phrase "final decision" clearly denotes some kind of terminal event,8 and Congress' use of the word "any" suggests an intent to use that term "expansive[ly]," see *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 218–219, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). The Appeals Council's dismissal of Smith's claim fits that language: Under the SSA's own regulations, it was the final stage of review. See 20 CFR § 416.1472.[40]

The Court went on to state further:

> The Social Security Act and the APA are different statutes, and courts must remain sensitive to their differences. See, *e.g.*, *Sullivan v. Hudson*, 490 U.S. 877, 885, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989) (observing that "[a]s provisions for judicial review of agency action go, § 405(g) is somewhat unusual" in that its "detailed provisions ... suggest a degree of direct interaction between a federal court and an administrative agency alien to" APA review). But at least some of these differences suggest that Congress wanted more oversight by the courts in this context rather than less, see *ibid.*,13 and the statute as a whole is one that "Congress designed to be 'unusually protective' of claimants," *City of New York*, 476 U.S. at 480, 106 S.Ct. 2022.[41]

More pointedly, the Court noted:

> SSA is a massive enterprise,14 and mistakes will occur. See Brief for National Organization of Social Security Claimants' Representatives as *Amicus Curiae* 13 (collecting examples).15 The four steps preceding judicial review, meanwhile, can drag on for years.16 While mistakes by the agency may be admirably rare, we do not presume that Congress intended for this claimant-protective statute, see *City of New York*, 476 U.S. at 480, 106 S.Ct. 2022, to leave a claimant without recourse to the courts when such a mistake does occur—least of all when the claimant may have already expended a significant amount of likely limited resources in a lengthy proceeding.

---

[40] *Id.* at 1774.

[41] *Id.* at 1776.

It is unclear from the record how Plaintiff's case was "actively pending" and "with AC for disposition" before the Appeals Council for the period of July 18, 2023 through August 15, 2023, and the Appeals Council now has no record of that former case status, but the record before the Court evidences that such was the case. While the Appeals Council apparently did not send formal notice, the Court concludes that this constitutes a rare mistake as foreseen by the United States Supreme Court.

Accordingly, the Court concludes that the Appeals Council's closing of its review on August 15, 2023, constituted a "terminal event" as set forth in *Smith*, supra. Because Plaintiff's instant appeal was filed less than sixty-five days after that terminal event took place, the Court finds Plaintiff's filing to be timely.

**B.     Equitable Tolling**

Plaintiff argued in his Response that the principle of equitable tolling should apply, should his instant filing be deemed untimely.[42] The Commissioner in his Reply asserted that equitable tolling was not appropriate in the absence of "extraordinary or egregious circumstances."[43] Although the Court has found Plaintiff's filing to be timely, the Court addresses this issue in the alternative.

The Court may equitably toll the 60-day requirement.[44] "Equitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied

---

[42] ECF No. 10.

[43] ECF Nos. 12-1, 14.

[44] *See Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993).

if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."⁴⁵ "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."⁴⁶

Where a claimant misses a deadline to request review at any of the stages of the process, tolling is appropriate where the applicant can "show that there was good cause for her failure to make a timely request for review."⁴⁷ Section 404.911 provides "[e]xamples of circumstances where good cause may exist include, but are not limited to," where the claimant falls seriously ill, there was a death or serious illness in the family, necessary records were destroyed or damaged by an accidental cause, claimant requested additional information explaining the decision within the 60-day time limit, and other "unusual or unavoidable circumstances," to name a few.⁴⁸ Section § 404.911(b) also recognizes good cause where a claimant received "incorrect or incomplete information about when and how to . . . file a civil suit" or where a claimant did not receive notice of the determination or decision.⁴⁹

---

⁴⁵ *Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120 (9th Cir. 2006) (citations and quotation marks removed).

⁴⁶ *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

⁴⁷ *Dexter v. Colvin*, 731 F.3d 977, 978 (9th Cir. 2013); 20 C.F.R. 404.900(b).

⁴⁸ 20 C.F.R. § 404.911(b).

⁴⁹ *Id.* § 404.911(b)(6)–(7).

The Ninth Circuit determined that a claimant may have a "factual basis for . . . equitable tolling" where an employee for the Social Security Administration inadvertently misled the claimant as to the process for seeking an extension.[50] The Eighth Circuit has observed that "equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent."[51]

Federal courts "have typically extended equitable relief only sparingly," such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."[52] Courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."[53] The Ninth Circuit has noted that "[e]quitable tolling is typically denied in cases

---

[50] *Vernon v. Heckler*, 811 F.2d 1274 (9th Cir. 1987).

[51] *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) ("Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way."); *Del Rosario v. Berryhill*, No. 18-CV-07197-DMR, 2019 WL 5067011, at *5 (N.D. Cal. Oct. 9, 2019).

[52] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

[53] *Id.*

where a litigant's own mistake clearly contributed to his predicament."[54] Where the misconduct of an adversarial party or a plaintiff's own attorney prevents a plaintiff from understanding or preserving his or her legal rights, however, courts have found that these circumstances justify equitable tolling.[55]

In the case at bar, the Court concludes that Plaintiff has met both prongs of the two-pronged test set forth in *Pace*.[56] Counsel was diligent in representing Plaintiff, as evidenced by the fact that he reviewed the status of Plaintiff's case on July 23, 2023, well within the time-period for filing of a request to review by the Appeals Council.[57] Plaintiff's counsel cannot reasonably be found lacking in diligence thereafter because he was advised via the ARS/ERE docketing system that the case was "active" before the Appeals Council and had been assigned to an adjudicator on July 18, 2023.[58] A reasonable attorney, diligently pursuing his clients rights, would not file a request for review when he reasonably believed that a review was already pending. Moreover, the best practices manual provided to

---

[54] *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327, 335–36 (2007)).

[55] *Spitsyn v. Moore*, 345 F.3d 796, 801–02 (9th Cir. 2003).

[56] 544 U.S. at 418

[57] ECF No. 10-1.

[58] *Id.*

Plaintiff's counsel cautioned against the filing of duplicative requests because it stated that doing so would cause further delays in the adjudication of the case.[59]

The Court concludes that the second prong of the test was also met. The Court finds that the facts of this case are sufficiently similar to those of *Vernon v. Heckler*, 811 F.2d 1274 (1987), to constitute an extraordinary circumstance. This Court concludes that the Administration's notice to Plaintiff's attorney via its ARS/ERE docketing system was sufficiently misleading as to hinder Plaintiff from filing his own request for review or for more timely seeking relief. In *Vernon*, supra, the Ninth Circuit Court of Appeals specifically ruled that the action of the agency employee need not have been intentionally misleading, if the effect of the misinformation was in fact misleading. In this circumstance, the notice provided that Plaintiff's claim was "active" and "pending disposition" before the Appeals Council was sufficiently misleading to deter Plaintiff and his counsel from taking further actions regarding his case.

### IV.    CONCLUSION

For the reasons stated above, the Court has concluded that Plaintiff's Complaint was timely filed with this Court. The Court has concluded further that, in the alternative, had Plaintiff's filing been untimely , Plaintiff would have been entitled to an equitable tolling of the time limitations.

---

[59] Social Security Administration, Best *Practices for Claimant's Representatives*, www.ssa.gov/appeals/best_practices.html (last seen March 14, 2024).

**ACCORDINGLY**, **IT IS HEREBY ORDERED:**

1. The Commissioner's Motion to Dismiss, **ECF No. 7**, is **DENIED.**

2. The parties are to note their briefs for hearing, without oral argument, on **June 28, 2024**. If the parties abide by the briefing deadlines set forth in Rules 6–8 of the Federal Rules of Civil Procedure - Supplemental Rules for Social Security Actions, the parties need not file a Motion for Stipulated Scheduling Order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 14th day of March 2024.

*Edward F. Shea*
EDWARD F. SHEA
Senior United States District Judge